
IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SIDNEY MARTS,
    Plaintiff,

vs.                                  Case No. 5:11cv285/MMP/EMT

ALBERT YU, et al.
    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, an inmate in the custody of the Florida Department of Corrections ("FDOC") proceeding pro se, initiated this action on August 12, 2011, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1) and a motion to proceed in forma pauperis (doc. 2). For the limited purpose of dismissal of this action, Plaintiff's motion to proceed in forma pauperis shall be granted.

    Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

    Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 1 at 4–8).[1] Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 5). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" (*id.*). Plaintiff then disclosed <u>Marts v. Buss</u>, Case No. 3:10cv240/LAC/EMT, filed in this Court on July 7, 2010, as well as cases he filed in Florida state courts (*id.* at 6–7). Question D of Section IV asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed" (*id.* at 5). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes", but then wrote "not applicable" in the areas designated for him to identify the court, judge, case number, approximate filing date, dismissal date, and reason for dismissal, and he wrote "unsure" in the areas designated for identification of the defendants and facts or claims presented in any previous actions (*id.* at 5, 8). Plaintiff additionally stated, "there exist other civil petitions but do not [sic] relate to his prison life, therefore is [sic] not being listed or identified" (*id.* at 7). At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 11).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

<u>Spires v. Taylor</u>, Order of Dismissal, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000). Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Case No: 5:11cv285/MMP/EMT

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, August 12, 2011 (*see* doc. 1 at 11), he had previously filed <u>Marts v. Chance,</u> Case No. 3:08cv537/MCR/MD (the inmate number of the plaintiff in Case No. 3:08cv537/MCR/MD matches Plaintiff's). The case was dismissed on January 28, 2009 as malicious (*see* doc. 24 in that case). Additionally, Plaintiff's appeal in <u>Marts v. Chance</u>, Case No. 3:08cv537/MCR/MD, was dismissed as frivolous on April 23, 2009 (*see* doc. 50 in that case; *see also* Eleventh Circuit Court of Appeal's Case Number 09-10648-H). Contrary to Plaintiff's suggestion that none of his previously filed cases related to his prison life, his complaint in Case No. 3:08cv537/MCR/MD absolutely did, since Plaintiff claimed in his second amended complaint that the defendants, all of whom are employed by the FDOC, violated his Eighth Amendment rights by denying him adequate medical treatment at Century Correctional Institution (*see* doc. 17 in that case). Plaintiff did not list Case No. 3:08cv537/MCR/MD in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Questions C and D, and thus should have been included in Plaintiff's answer to either of those questions.

Additionally, as of the date Plaintiff filed his complaint, he had previously filed <u>Marts v. McNeil</u>, Case No. 4:10cv229/MMP/WCS in this court. Plaintiff was incarcerated at the time he filed that case (the inmate number of the plaintiff in Case No. 4:10cv229/MMP/WCS matches Plaintiff's), and the case related to the fact or manner of his incarceration (Plaintiff alleged multiple claims against the Secretary of the FDOC concerning the canteen, inmate bank accounts, the commissary, and other claims) (*see* doc. 1 in that case). The case was dismissed on August 9, 2010, prior to service, because Plaintiff was an abusive filer under 28 U.S.C. § 1915(g) and did not pay the filing fee upon filing his complaint (*see* doc. 9 in that case). Additionally, Plaintiff's appeal in <u>Marts v. McNeil</u>, Case No. 4:10cv229/MMP/WCS, was dismissed as frivolous on December 8, 2010 (*see* doc. 17 in that case; *see also* Eleventh Circuit Court of Appeal's Case Number 10-13961). Plaintiff did not list this case in Section IV of his complaint, even though it qualified as a federal court action that was responsive to both Questions C and D and should have been included in Plaintiff's answer to either of those questions.

As of the date Plaintiff filed his complaint in the instant case, he had also previously filed Marts v. Scarbrough, Case No. 3:09cv26/LAC/MD in this court. Plaintiff was incarcerated at the time he filed that case (the inmate number of the plaintiff in Case No. 3:09cv26/LAC/MD matches Plaintiff's), and the case related to the fact or manner of his incarceration (Plaintiff complained that a correctional officer issued a false and discriminatory disciplinary report) (*see* doc. 1 in that case). The case was dismissed on March 26, 2009, prior to service (*see* doc. 9 in that case). Plaintiff did not list this case in Section IV of his complaint, even though it qualified as a federal court action that was responsive to both Questions C and D and should have been included in Plaintiff's answer to either of those questions.[2]

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff's statement that he filed other civil actions, but they did not relate to his prison life (*see* doc. 1 at 7) was clearly false. Further, even if he was "unsure" of some of the identifying information of his prior federal actions, he should have provided at least some information, even if it was approximate, general, or incomplete. His false and evasive responses to Questions C and D suggest he was deliberately attempting to hide his litigation history. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[3] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the

---

[2] The undersigned has identified five more cases filed by Plaintiff in this Court which concerned the conditions of his confinement and were previously dismissed prior to service (one was dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), and the others were dismissed upon Plaintiff's filing a notice of voluntary dismissal). In the interest of brevity, the court will not detail all of those cases here.

[3] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 1 at 5) (emphasis and capitalization in original).

Case No: 5:11cv285/MMP/EMT

prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[4]  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is **ORDERED**:

Plaintiff's motion for leave to proceed in forma pauperis (doc. 2) is **GRANTED** for the limited purpose of dismissal of this action.

And it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 30th day of August 2011.

>    */s/ Elizabeth M. Timothy*
>    **ELIZABETH M. TIMOTHY**
>    **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[4] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file this matter if he so chooses. *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No: 5:11cv285/MMP/EMT